# Supreme Court Decisions.

## FRAUDULENT PAY ROLL CERTIFIED TO MUNICIPAL AUDITOR.

THE STATE OF OHIO v. VOUTE AND KINNEY.

Decided, April 28, 1903—68 Ohio State, p. 274.

*Making Out and Presenting False Claims to Public Officers—Section 7075, Revised Statutes—Indictment Charging Certification of Fraudulent Pay Roll—To Municipal Auditor—Sufficient Under Said Statute—Motion to Quash Should be Overruled, When—Interpretation of Law—Court Procedure.*

An indictment under Section 7075, Revised Statutes, charging the defendant with having unlawfully, knowingly and feloniously made out and presented for payment, and certified as correct to the auditor of a municipal corporation, a false and fraudulent pay roll against said corporation for the purpose of procuring an allowance of the same by said auditor and said corporation, and for the purpose of procuring an order for the payment of the same out of the treasury of such corporation, with intent to defraud, sufficiently charges an offense under said section, and a motion to quash the indictment because it does not show authority in the auditor to allow or pay the pay roll should be overruled.

Exceptions to the Court of Common Pleas of Lucas County.

*Charles E. Sumner,* Prosecuting Attorney, for plaintiff in error.

*D. H. Commager, Parks Hone, Brown, Geddes & Bodman* and *Clarence Brown,* for defendants in error.

BY THE COURT.

BURKET, C. J.; SPEAR, DAVIS, SHAUCK, PRICE and CREW, JJ., concur.

The defendants in error were indicted for making out, presenting for payment and certifying as correct, a false and fraudulent pay roll. The indictment charges that the defendants un-

lawfully, knowingly and feloniously made out and presented for payment, and certified as correct, to the auditor of the city of Toledo, a false and fraudulent pay roll against the said city, setting out the pay roll in full; that the pay roll was false and fraudulent in that it contained the names of two persons who did not work for the city, and that their names should not have been on said pay roll; that said pay roll purported to show that said persons had earned for services rendered to the city the sum of thirty dollars, whereas they had earned nothing for services rendered to the city, and that the pay roll was false and fictitious to the extent of thirty dollars. The indictment also charges that Voute was the duly elected, qualified and acting street commissioner of the city of Toledo, and that Kinney was a clerk in the office of Voute; that they "did unlawfully and fraudulently make out and certify as correct and presented such false and fraudulent pay roll to George U. Roulet, then and there the auditor of the said city of Toledo as aforesaid, for the purpose of procuring the allowance of the said pay roll by the said auditor and the said city of Toledo, and for the purpose of procuring an order for the payment of said pay roll out of the treasury of said city of Toledo, with intent to defraud, they, the said Charles H. Voute and William J. Kinney, then and there, well knowing said pay roll to be false and fraudulent as aforesaid." The defendants made a motion to quash the indictment, which motion was sustained, it being contended by the defendants, and so held by the court of common pleas, that the auditor of Toledo was not authorized by law to allow or pay the claim thus made out and presented, and that, therefore, no offense was charged and that for that reason the indictment should be quashed. It is claimed that an indictment for this offense under Section. 7075, Revised Statutes, must show that the false claim was presented for allowance to an officer authorized to allow it, or was presented for payment to an officer who was, under the circumstances, authorized to pay it; and that the street commissioner had no right to certify a pay roll and the auditor in this case had neither an authority to allow nor to pay the claim. Whatever may have been the duties and powers of the officers in this instance, it seems very clear to us that they could not be called in question in determining whether a crime was charged in the indictment; because the powers and duties of these

officers do not enter into the statutory definition of the crime. Leaving out the words of Section 7075, Revised Statutes, which do not apply in the present case, the section reads as follows:

"*Whoever*, knowing the same to be false or fraudulent, makes out or presents for payment, or certifies as correct * * * to the auditor * * * of any municipal corporation any claim, pay roll * * * or other evidence of indebtedness, false or fraudulent in whole or in part, for the purpose of procuring the allowance of the same, or an order for the payment thereof out of the treasury of said * * * municipal corporation, shall, if such evidence of indebtedness so made out and presented, or certified * * * is false or fraudulent to the amount of thirty-five dollars or more, be imprisoned in the penitentiary * * * or, if false or fraudulent to an amount less than that sum, be fined or imprisoned * * * or both."

It is evident from a careful reading of this language that whether the auditor has power in himself to allow or pay the claim or not, the presentation of a fraudulent claim to him for the purpose of *procuring* from him or any other proper authority the allowance of the same, or for the purpose of procuring from him or any other person authorized to make it, an order for the payment thereof out of the treasury of the municipal corporation, may constitute an offense under this statute. This indictment charges that the pay roll was presented to the auditor for the purpose of procuring the allowance of the same by the auditor and the city of Toledo, and for the purpose of procuring an order for the payment of the pay roll out of the treasury of the city. The indictment was sufficient and the motion to quash ought to have been overruled.

We do not regard the decision in *Hauck* v. *State*, 45 Ohio St., 439, as in any respect conflicting with the views here expressed.

*Exceptions sustained.*