Spear, J.
A number of errors alleged to have occurred in the common pleas are presented, but the one most insisted upon relates to the sufficiency of the indictment. That instrument is founded on section 7075, Revised Statutes, pertinent provisions of which are:
“Whoever, knowing the same to be false or fraudulent, makes out or presents to * * * the auditor or commissioners, or other officers of any county * * * any claim * * * or other evidence of indebtedness, false or fraudulent in whole or in part, for the purpose of procuring the allowance *58 of the same, or an order for the payment thereof out of the treasury of said * * * county; and whoever, knowing the same to be false and fraudulent, receives payment of any such claim * * * from the treasurer * * * of any county, * * * shall, if such evidence df indebtedness so made out and presented * * * or of which payment is received, is false or fraudulent to the amount of thirty-five dollars or more, be imprisoned in the penitentiary,” etc.
Do the counts of the indictment hereinbefore recited sufficiently apprise the party charged of the offense charged and allege facts sufficient to fairly advise him wherein the claim was false or fraudulent in order to enable him to prepare a defense ?
It is to be noted that the indictment charges indirectly, though not directly, that the claim was false and fraudulent. Waiving this defect it is to be further noted that the indictment does not either in terms or in any way undertake to point out wherein the claim was false or fraudulent, or aver any facts from which the necessary inference would follow that it was false or fraudulent. Nor does the claim itself afford any ground for the conclusion that it is false or fraudulent. Abbreviated, that paper contained an itemized statement of account giving' the number of sheep and lambs killed, their kind, grade, quality and value, the amount of injury, the amount' deducted for carcasses or pelts sold or used, and stating a balance. Also an affidavit showing ownership of the sheep; that they were killed by dogs; that the number and description is true and correct; that the damages claimed occurred on the premises as *59 stated on the date stated; that the damage claimed is just and reasonable; that the injury was not caused by dogs kept or harbored by the owner or any employe or tenant, and that claimant did not know whose dog or dogs committed the injury. Also depositions of two witnesses; a certificate of allowance signed by the township trustees, and a like certificate by the county commissioners. Thus it appears that it would be possible that the statement of the claimant as to value of the sheep, their grade, or their quality might be false; or the claim might be false because the claimant was "in fact the owner of the dog which killed them; or that the number killed was overstated; or that the certificate of the township trustees had been obtained by fraud; or that the claim, after it had passed the trustees, had been altered before being presented to the commissioners; or that fraud had entered into the procurement of witnesses or of false testimony. Other grounds of possible falsity will easily occur.
In such a situation would a simple averment in the indictment although it should describe the claim directly as false and fraudulent answer the requirements of the rules of criminal procedure? We are of opinion that it would not, involving as it does a legal conclusion. Nor would such defective averment be aided by the further allegation that the claimant had knowledge that the claim was false and fraudulent, and that it had been presented with a purpose to defraud. This language avers intent with which the act was done; it does not describe the act itself. Bj the constitution the accused is given the right to demand the nature and cause of the accusation. *60 This has been held again and again in this state to require a statement in the indictment of the material facts which it is necessary to prove to warrant conviction; that conclusions of law are not sufficient. Thus in Lamberton v. The State, 11 Ohio, 282, where the indictment charged that one Bryte “then and there being sheriff of the county and being then and there in the execution of his said office, the defendant unlawfully did resist, contrary to the form,” etc., it was held, opinion by Birchard, J., as based upon sound principles, that every indictment should contain a clear description of the offense charged so that the accused may have notice of what he is to meet, and that the court, applying the law to the facts charged may see that a crime has been committed. The indictment was held bad. So in Dillingham v. The State, 5 Ohio St., 280, information for obtaining goods by false pretenses, it was held that “the indictment or information must aver all the material facts which it is necessary to prove to produce a conviction and with such reasonable certainty as to advise the accused what he may expect tó meet on the trial;” and in the opinion by Ranney, C. J., it is observed that “the nature and cause of the accusation are not sufficiently stated to enable the accused to know what he might expect to meet upon the trial; and it is neither consistent with general principles nor constitutional safeguards, to allow a man to be thus put to trial upon a criminal charge in the dark.” In Fouts v. The State, 8 Ohio St., 98, opinion by Bartley, C.J., it is stated at page 118 that “the want of a direct allegation of anything material in the description of the substance, nature, or manner *61 of the offense, cannot be supplied by any intendment or implication whatsoever,” and quoting Chitty, “ It is not necessary to state a conclusion of law resulting from the facts of a case; it suffices to state the facts, and leave the court to draw the inference.' ” In Redmond v. The State, 35 Ohio St., 81, opinion by White, J., Lamberton v. The State, supra, is distinctly followed both in substance and in text. In Hagar v. The State, same volume, 268, opinion by Okey, J., it is held in substance that while it is not good practice to omit the words of the -statute which define the crime, it is not to be inferred that an indictment which simply pursues the language of the statute is sufficient. This case is cited approvingly in Mann v. The State, 47 Ohio St., 556, opinion by Dickman, J. It is reiterated in Whiting v. The State, 48 Ohio St., 220, opinion by Minshall, J., that it is an established rule of pleading that facts, and not conclusions of law, should be pleaded. The principle running through all the preceding cases is recognized and enforced in The State v. Trisler, 49 Ohio St., 583. An illustration of a proper pleading of facts in a case similar to the one at bar is found in The State v. Voute et al., 68 Ohio St., 274.
Our conclusion is supported by decisions in many state courts and in the federal courts. A collection of these authorities which have been presented by the vigilant counsel will be found in the appropriate place preceding this opinion. And our conclusion appears to us to be so obviously correct that reference to many decisions of this court upon the question would have been deemed unnecessary but for a case called to our attention *62 by counsel for the defendant in error which we will now consider. It is that of Davis v. The State, 20 O. C. C., 430, opinion by Hale, J., wherein it is held that “where it is distinctly charged that the bill was false and fraudulent it is not necessary to state in the indictment in what respect it was false and fraudulent.” The case was brought to this court by an application for leave to file a petition in error which was refused, the case, reported by a per curiam, appearing in 63 Ohio St., 173. This report discusses an exception to the refusal of the trial court to give a certain instruction to the jury, and does not directly mention any objection to the indictment. But counsel for defendant in error insist that that point must have been made in this court because the opinion speaks of “various assignments of error,” and states that “we have carefully examined these and think there is but one that needs to be noticed.” Then follows a discussion relating to the refusal to charge. We think the record bears out this claim of counsel, and especially in view of the fact that the insufficiency of the indictment is one of the nine assignments of error in the motion, and upon the further consideration that the known vigilance and thoroughness of counsel who presented the motion would strongly tend to negative any supposition that he omitted to impress upon this court one of the important points, indeed as it now appears the most important point, which he had insisted upon in the circuit court. So that frankness impels the admission that the point herein discussed was probably under consideration in the case cited. This objection to the indictment is not discussed in the opinion of *63 the circuit court, but the learned judge who reported the case merely observes that it being distinctly charged in the indictment that the bill was false and fraudulent, it was unnecessary to state in what respect. It is possible that the multiplicity of the points raised in the circuit court may have caused less consideration of this point than it deserved and that this court gave less consideration to it than would have been the case had it been a question of first instance here for the same reason and because of this court’s high respect for the opinion and judgment of the learned circuit court.
In view of the record in the Davis case, it was natural for the courts below to sustain the indictment in the present case. But a more careful examination of that case, and of a large range of authorities, and a fuller consideration of the principles and rules regulating criminal proceedings, satisfies a majority of the court that the conclusion to be drawn from the Davis case in respect to the sufficiency of the indictment is not consistent with sound legal principles or constitutional safeguards, and should not be sustained. It seems well settled not only in this state but elsewhere that a charge of obtaining property under false pretenses should specifically state wherein the pretenses were false, and not rest alone on the words of the statute, and it seems clear that there can be no essential difference in principle betweén a case where the false representation, as in Dillingham v. The State, supra, is verbal, and where it is, as in the present case, in writing. The same observation is pertinent to the alleged fraudulent character of the claim. The fact that the claim is in writing *64 neither adds to nor detracts from its fraudulent character.
Our conclusion is that a criminal charge should be preferred with such certainty and precision as will reasonably apprise the party charged with that which he is required to answer and may expect to meet, and so that the court and jury may know what they are to try, and the court may determine without difficulty what evidence is admissible; also that the record to be made will be sufficiently definite to make it clear of what the party has been put in jeopardy. This indictment, tested by these rules, is fatally defective.
Our statute of jeofails, section 7215, Revised Statutes, has not been overlooked. We are of opinion that it does not apply to this case.
Other assignments of error are presented by the record. We do not find it necessary to consider them in this opinion.
The judgments below will be reversed, the demurrer to the indictment sustained and plaintiff in error ordered discharged.

Reversed.

Summers, Davis, Shauck and Price, JJ., concur.