Johnson, J.
The indictment is founded on Section 7075, Revised Statutes, parts of which pertinent to this case are as follows:
*180 “Whoever, knowing the same to be false or fraudulent, makes out or presents to * * * the auditor or commissioners, or other officers of any county * * * any claim, bill, * * * or other evidence of indebtedness, false or fraudulent in whole or in part, for the purpose of procuring the allowance of the same, or an order for the payment thereof out of the treasury of said. * * * county; and whoever, knowing the same .to be false and fraudulent, receives payment of any such claim, bill * * * from the treasurer * * * of any county * * * shall; if such evidence of indebtedness so made out and presented * * * or of which payment is received, is false or fraudulent to the amount of thirty-five dollars or more, be imprisoned in the penitentiary,” etc.
The contention of the defendant is that the indictment simply alleges a conclusion of law and fails to allege the facts on which the conclusion is based. The section of the statute above referred to was under consideration in this court in the cases of State v. Voute et al., 68 Ohio St., 274, and Du Brul v. State, 80 Ohio St., 52, in each of which the sufficiency of an indictment founded on that section was the subject of inquiry, and those cases are invoked by the contending parties here in support of their respective views. The holdings in the two cases referred to are in perfect harmony.
In the Du Brul case it is held that an indictment brought under Section 7075, Revised Statutes, charging the presentation of a false and fraudulent claim and obtaining payment of same by the county treasurer, which in describing the claim avers it to have been a “certain false and *181 fraudulent" claim,” but in no way avers wherein it was false and fraudulent, and states no facts showing that it was so, is bad on demurrer and will not support a conviction.
The indictment alleged generally that the claim was false and fraudulent, and set out the claim itself in detail, but did not state in what respect it was false or fraudulent. The court, Spear, Judge, in the opinion cites and discusses a number of Ohio cases which support the conclusion that: “a criminal charge should be preferred with such certainty and precision as will reasonably apprise the party charged with that which he is required to answer and may be expected to' meet, and so that the court and jury may know what they are to try and the court may determine without difficulty what evidence is admissible, also that the record to be made will be sufficiently definite to make it clear of what the party has been put in jeopardy.”
In the Voute case a different question was made. The indictment charged that defendant presented a false and fraudulent pay-roll against the city of Toledo, to the auditor of the city. It was claimed, and the lower court held, that the auditor was not authorized by law to allow or pay the claim and that therefore no offense was charged, and that the indictment was bad. This court held that the common pleas court erred because the authority of the officer referred to, does not enter into the statutory definition of the crime, and this court held the indictment in that case to be sufficient.
But that indictment specifically set forth the respects in which the pay-roll was false and fraud *182 -ulent in full compliance with the rule stated in the Du Brul case.
Does the indictment in this case meet the requirements of the wise and well-settled rules above stated and enforced? The first count after the formal parts, sets out the bill in detail, and then alleges, that said bill was false and fraudulent in this, to-wit: then follows certain items of expense which are included in the bill presented, and then the allegation: “which items of expense were not incurred by said Henry Van Gunten and unlawfully did present said false and fraudulent bill to E. C. Akerman then and there the auditor of Allen county,- Ohio,” etc.
So that in this .count of the indictment, the defendant is advised of the exact particulars and items of the bill (alleged to have been presented) which are claimed to have been false and fraudulent; and the respect in which they are false and fraudulent.
Defendant is fully apprised of what he may expect to meet.
The court of common pleas therefore erred in holding the first count to be insufficient.
The fourth and fifth counts are similar to the -first except the amount and details of the bill are ■different, and there is a distinct allegation in each that the items of expense set out, and which is part of the bill presented, was not incurred by defendant. Thus fully meeting the requirements of a sufficient presentment informing defendant of the exact charge which he must meet.
The second and third counts are each similar to the first except also as to amounts and particular items. Each contains the averment that “said bill *183 was false and fraudulent in this, to-wit:” and then follows a list of items which are a part of the bill so presented, followed by the allegation “and unlawfully did present said false and fraudulent bill to E. C. Akerman, Auditor,” etc., “for the purpose of procuring the allowance of said bill by the commissioners of Allen county,” etc., “with intent to defraud, he then and there well knowing said bill to be false and fraudulent.” But there is not contained in either of said second or third counts any averment showing wherein the claim was false and fraudulent nor is there set out any facts from which it would necessarily follow that it was so. Under the authorities referred to, the simple averment that the claim is false and fraudulent does not fill the requirements of the -rules of pleading in criminal cases. That averment is a legal conclusion and is not aided by the allegation that the defendant well knew the claim to be false and had been presented with intent „ to defraud. The wrongful and unlawful act itself must be described, not simply the intent with which it is done. It has been settled by many state and federal decisions that such a pleading does not secure to the accused the full information concerning the charge against him to which under the constitution he is entitled. The court below did not err therefore in sustaining the objection as to the second and third counts. As to the first, fourth and fifth counts, the exceptions are sustained.

Judgment accordingly.

SpeAr, C. J., Davis, Shauck, Price and Donapiue, JJ., concur.